ADELE ROGERS, Respondent, v. DORCHESTER ASSOCIATES, Defendant; MILLSTEIN ASSOCIATES et al., Appellants, and OTIS ELEVATOR COMPANY, Appellant-Respondent.— Judgment, Supreme Court, New York County, entered on December 24, 1971, following a trial before a jury, modified on the law to strike the recovery of plaintiff against defendant Otis Elevator Company and to dismiss the complaint and sever the action as to said defendant, and judgment otherwise affirmed. Plaintiff-respondent shall recover of defendants-appellants Millstein and Milford one bill of $50 costs and disbursements; and defendant-appellant-respondent Otis shall recover of plaintiff-respondent and defendants-appellants Millstein and Milford one bill of $50 costs and disbursements. In order to make out a case against Otis, it must be shown either that Otis had prior knowledge of the condition which caused the defect causing the elevator door to close improperly and failed to act with reasonable care to correct it, or that it failed to use reasonable care to discover and then correct the condition which should have been found. (*Koch* v. *Otis Elevator Co.*, 10 A D 2d 464, 467.) Although a witness called on this aspect of the case testified that during a six-month period prior to July 28, 1970 (the date of the accident) there were "more than two" times that the elevator door would not retract and close normally, he could not recall the last time prior to July 28, 1970 that there was difficulty with the elevator door. The plaintiff's testimony was equally indefinite; she testified that the elevator was out of order at a time "Maybe about six months or so" prior to the accident. Thus, the record falls short of establishing knowledge of, or a basis for a finding of constructive notice to Otis of any defective condition. The dissent stresses the failure of the defendant Otis to call certain employee witnesses whose testimony might have helped plaintiff in establishing a prima facie case. Certainly, however, to paraphrase what was held in the landmark case of *Galbraith* v. *Busch* (267 N. Y. 230, 233), "no inference unfavorable to [defendant] can be drawn from [the] silence [of those witnesses] if the plaintiff's proof is insufficient to show any negligence on [defendant's] part. In a negligence action the plaintiff always has the burden of showing failure by the defendant of some duty owing to the plaintiff. That burden can never be shifted to the defendant. * * * The duty upon the defendant of going forward and producing evidence to rebut an inference or presumption of negligence cannot arise unless the evidence of the plaintiff justifies such inference or presumption." Here, simply stated, the plaintiff's proof was insufficient as a matter of law to establish a prima facie case. In any event, if we did not dismiss, we would set aside the verdict against Otis and order a new trial on the ground that the verdict is against the weight of evidence. The building was owned by Millstein Associates and managed by Milford Management Corp. Milford, the agent, was a disclosed agent of a known principal and ordinarily cannot be held liable for the principal's legal responsibilities. We are familiar with the rule that failure to inspect and repair an elevator is nonfeasance for which an agent is not liable unless it had complete and exclusive control of the building. (*Gardner* v. *1111 Corp.*, 286 App. Div. 110, affd. 1 N Y 2d 758.) This issue, however, was not raised at the trial. The said defendants were represented jointly by counsel at the trial and there was no claim of any distinction between the

joint responsibility of these defendants to the plaintiff. Furthermore, there was evidence supporting a finding of joint possession and control by the owner and the agent of the building and elevator. It is the rule that "It is not necessary for the applicability of the *res ipsa loquitur* doctrine that there be but a single person in control of that which caused the damage" (*Schroeder* v. *City & County Sav. Bank,* 293 N. Y. 370, 374; see, further, 41 N. Y. Jur., Negligence, § 92). Concur — Markewich, McNally and Eager, JJ.; McGivern, J. P., and Kupferman, J., dissent in the following memorandum by McGivern, J.P.: I would not go so far as to dismiss out of hand the complaint against the Otis Elevator Company. There was sufficient evidence to warrant the jury passing on the issue of fact as to whether or not Otis had knowledge of the condition of the elevator, and also whether Otis negligently performed any of the repairs it undertook to do. Three witnesses testified for the plaintiff on the factual issue of notice, and on the issue of repairs; the Otis presentation was conspicuous by the absence of crucial witnesses, *i.e.,* the repairman. The plaintiff said she had used the specific elevator many times within a period of five or six months before the accident, and on each occasion the doors would close at a normal rate until the half-way point, then they would accelerate so that they would impulsively close with a bang. She also said the same elevator had been out of operation a few times within the six-month period, and she saw men working on it. And there was corroborating testimony by a neighbor, and to a degree by Patrolman Florie. As for the defendant Otis, Otis did not deny it attempted to repair the elevator. To the contrary. Its own Exhibit B indicates an expectation of yet further repairs. And yet, despite the court's express interest in some further elucidation of the nature of these repairs, the defendant forthwith rested. At this stage of the evidence, the defendant made the misreckoning of not going forward. This, coupled with the fact that none of the repairmen, who actually worked on the elevator, were called on to testify, is sufficient, together with all of the other facts and circumstances of the case, to make out a fair jury question. On well-known principles, the jury was entitled to draw the strongest inferences against Otis which the opposing evidence supported. (*Noce* v. *Kaufman,* 2 N Y 2d 347, 353.) On the totality of the evidence, there certainly were sufficient facts for a jury to determine that this particular elevator would not have malfunctioned and struck the plaintiff in the absence of negligence. The patent failure of the defendant Otis to divulge the nature of the repairs fully supports the inference that the repairs must not have been done properly. Furthermore, the claimed contractual lack of responsibility for the condition of the elevator doors, unless advised of a defect, which Otis would then concededly undertake to repair, glaringly accentuates the permissible inference Otis did undertake to repair the door and did so defectively. This conclusion is compelled by Otis' failure to extricate itself from that liability founded upon an obligation it allegedly did not have. Thus, independent of any application of the *res ipsa locquitur* rule, negligence, on its part, was permissibly inferred. And the jury decided against Otis. Considering the testimony of the plaintiff, and the supporting testimony of the witnesses Florie and Robinson, and the failure of Otis to call its own repairmen, we cannot say as a matter of law that the jury's conclusion was against the weight of the evidence. (*Sophian* v. *Van Linde,* 22 A D 2d 34, 37.) In fact, in at least one elevator maintenance trial, the Court of Appeals spoke with some forthrightness on the subject: "Upon such a state of the record, a question of fact was raised as to whether such failure to level properly was due to negligent maintenance and if so, whether such defect was the proximate cause of the plaintiff's injuries. It is axiomatic that

where there is a conflict in the evidence as to the issues controverted, matters of credibility and weight are for the jury to determine or, if the trial be without a jury, for the trier of the facts. On this record it cannot reasonably be said that the fact of negligence and proximate cause as found by the Referee is, as a matter of law, without support in the evidence." (*Kelly* v. *Watson Elevator Co.,* 309 N. Y. 49, 51.) Nevertheless, the majority relies on the well-known case of *Galbraith* v. *Busch* (267 N. Y. 230, 233, 234). Although that case involved an automobile guest situation, some of the language is not inapposite to the facts of the instant case, e.g.: "Where the plaintiff's evidence is sufficient to justify or require an inference of negligence, then failure of the defendant to rebut such inference by affirmative evidence may result in a judgment against the defendant. Where a defendant under such circumstances fails to produce relevant evidence within his control, inference may be permissible that such evidence would not be favorable to him. * * * So where the instrumentality which produced an injury is within the exclusive possession and control of the person charged with negligence, and such person has exclusive knowledge of the care exercised in the control and management of that instrumentality, evidence of circumstances which show that the accident would not ordinarily have occurred without neglect of some duty owed to the plaintiff is sufficient to justify an inference of negligence and to shift the burden of explanation to the defendant. (*Slater* v. *Barnes,* 241 N. Y. 284)." Actually, the theory of *res ipsa* has been applied to elevator cases. (See *Smith* v. *Jay Apts.*, 33 A D 2d 624, mot. for lv. to app. den., 26 N Y 2d 609; 6 ALR 2d 396; 19 N. Y. Jur., Elevators and Escalators, §§ 51–54.) And see, also, the recent First Department case of *Feblot* v. *New York Times Co.* (39 A D 2d 227). And for another comparable case, also involving an elevator door, see *First Nat. Bank of Arizona* v. *Otis Elevator Co.* (2 Ariz. App. 80, mod. on other grounds and rehearing den. 2 Ariz. App. 596). Therein, the court stated (p. 84): "We believe the facts are sufficient from which a jury might well believe plaintiff was hit by the elevator door, and that elevator doors do not hit people in the absence of someone's negligence * * * and in the case at bar plaintiff was injured when she was struck by the elevator door. From the record on appeal this Court is of the opinion that there were sufficient facts before the jury for the jury to have determined that these particular elevator doors would not have malfunctioned and struck the plaintiff in the absence of negligence. The answer as to whether or not the particular type of accident was of a kind which ordinarily would not have occurred in the absence of someone's negligence, in borderline cases, is properly left to the jury." In any event, it would be paradoxical to hold for liability the two defendants who, physically, had nothing to do with the subject elevator and release Otis, who endeavored to repair it, and then would not produce its own employees who knew most about the actual condition of the elevator. Finally, in my judgment, not dismissing against Otis, after a jury verdict, is more in accord, and certainly is not inconsonant with the purpose and equitable spirit of liability apportionment, as recently enunciated by *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143) and *Kelly* v. *Long Is. Lighting Co.* (31 N Y 2d 25).