■ HARVEY C. JONES, as Parent and Natural Guardian of HARVEY C. JONES, JR., an Infant, Respondent, v PARK REALTY et al., Appellants. (Appeal No. 1.)—Appeal dismissed without costs. Memorandum: Because we have reversed the order denying the motion for summary judgment and have granted summary judgment dismissing the complaint, the appeal from this order is moot (see, Jones v Park Realty [appeal No. 2], 168 AD2d 945 [decided herewith]).

■ HARVEY C. JONES, as Parent and Natural Guardian of HARVEY C. JONES, JR., an Infant, Respondent, v PARK REALTY et al., Appellants. (Appeal No. 2.)—Order reversed on the law without costs, motion granted and complaint dismissed. Memorandum: The infant plaintiff was injured when he fell from the porch of a second floor apartment of premises owned by the aunt of defendant Matthew DiCarlo. DiCarlo is the owner of defendant Park Realty.

The court should have granted defendants' motion for summary judgment dismissing the complaint and, having permitted the case to go to trial, it should have granted a trial order of dismissal at the end of plaintiff's proof. The undisputed evidence, both on the motion for summary judgment and at the trial, was that, although defendant DiCarlo acted as his aunt's agent in some respects in helping her to manage her rental property, he was not in exclusive control of the premises and he did not contract with his aunt to inspect or maintain the premises. The aunt lived on the premises and defendant DiCarlo, who lived elsewhere, helped his aunt with her financial affairs. The negligence attributed to defendants was the failure to make repairs to the defective railing that

gave way causing the infant plaintiff to fall from the porch. Because defendant DiCarlo was not the owner, was not in exclusive control of the premises, and did not contract to inspect and maintain them, he was liable only for his affirmative acts of negligence (see, Jones v Archibald, 45 AD2d 532; see also, Mollino v Ogden & Clarkson Corp., 243 NY 450; Murray v Usher, 117 NY 542; Rogers v Dorchester Assocs., 39 AD2d 878, mod 32 NY2d 553; Michaels v Lispenard Holding Corp., 11 AD2d 12; Gardner v 1111 Corp., 286 App Div 110, affd 1 NY2d 758; Greco v Levy, 257 App Div 209, affd 282 NY 575; Greenauer v Sheridan-Brennan Realty Co., 224 App Div 199; cf., Eaves Brooks Costume Co. v Y.B.H. Realty Corp., 76 NY2d 220).

The case of Eaves Brooks Costume Co. v Y.B.H. Realty Corp. (supra), relied upon by plaintiffs, has no application to the facts of this case. There, the defendant had contracted with the owner to inspect the sprinkler system that malfunctioned and caused the damage to the tenant's property. Here, there was no contract to inspect or maintain the premises.

All concur, except Balio and Lawton, JJ., who dissent and vote to affirm in the following memorandum.

Balio and Lawton, JJ. (dissenting). We respectfully dissent. Supreme Court properly denied defendants' motion for summary judgment and properly submitted the issue of defendant's liability as agent to the jury as a question of fact. Consequently, we would affirm. (Appeal from order of Supreme Court, Erie County, Joslin, J.—summary judgment.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.