■ MICHAEL TROMBETTA, Respondent, v 775 PARK AVENUE, INC., Defendant, and ALBERT B. ASHFORTH, INC., Appellant. (And a Third-Party Action.) [693 NYS2d 99] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered July 15, 1996, and order, same court (Kenneth Thompson, Jr., J.), entered September 8, 1998, which, in an action by plaintiff building maintenance worker for personal injuries sustained while pushing a trash cart up an allegedly excessively steep ramp, denied defendant-appellant former managing agent's motions for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Appellant is not entitled to summary judgment merely because it was no longer the managing agent of the residential cooperative in which plaintiff is employed at the time plaintiff was injured. Appellant was managing the premises at the time the allegedly defective ramp was built, and, as such, can be held liable for affirmative acts of negligence in its design and construction (*see, Jones v Park Realty* [appeal No. 2], 168 AD2d 945, *affd* 79 NY2d 795; *cf., Keo v Kimball Brooklands Corp.*, 189 AD2d 679). We agree with the motion court that issues of fact exist as to appellant's role in and control over the design and construction of the ramp. Nor is appellant entitled to summary judgment by reason of the exclusivity provisions of the Workers' Compensation Law where it admittedly had no connection with the building whatsoever at the time plaintiff was injured (*see*, 109 NY Jur 2d, Workers' Compensation, § 81, at 258). Concur—Sullivan, J. P., Rosenberger, Tom, Saxe and Buckley, JJ.