■ SYLVIA HAGEN et al., Appellants, v GILMAN MANAGEMENT CORP., Respondent. [770 NYS2d 890]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Parga, J.), entered August 13, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs brought this action to recover damages after the plaintiff Sylvia Hagen allegedly slipped on some debris in a stairwell of the office building which was managed by the defendant pursuant to a written contract. The defendant moved for summary judgment on the ground that it lacked exclusive control over the premises and therefore could not be held liable.

As managing agent of the building in which the plaintiff was injured, the defendant could be subject to liability for nonfeasance only if it was in complete and exclusive control of the management and operation of the building (*see Church v Callanan Indus.*, 99 NY2d 104, 113 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141 [2002]; *Felder v R & K Realty*, 295 AD2d 560, 561 [2002]; *Ingordo v Square Plus Operating Corp.*, 276 AD2d 528 [2000]; *Ioannidou v Kingswood Mgt. Corp.*, 203 AD2d 248, 249 [1994]). To show the existence of a duty on the part of the defendant, the management contract between the defendant and the owner had to constitute a comprehensive and exclusive set of obligations which the parties could have reasonably expected to displace the owner's duty to maintain the premises safely (*see Perkins v Cosmopolitan Care Corp.*, 308 AD2d 437, 439 [2003]). However, the evidence demonstrated that the owner reserved to itself a significant amount of control over the maintenance of the premises. Accordingly, the defendant did not have a comprehensive agreement that displaced the responsibility of the owner such that it could be held liable to the plaintiffs (*see Perkins v Cosmopolitan Care Corp., supra; Ioannidou v Kingswood Mgt. Corp., supra*). In opposition to the defendant's establishment of its entitlement to summary judgment, the plaintiffs did not raise a triable issue of fact. Santucci, J.P., Schmidt, Adams and Crane, JJ., concur.