McCooe, J.
(dissenting). Accepting the plaintiffs’ version of the accident, including the fact that the obvious and extensive oil leakage from a defective oil tank existed for many years and created a dangerous condition on the boiler room floor, plaintiffs’ proof is insufficient to establish that the defendant managing agent had the authority to make this repair or that the owner, who had knowledge of the condition, authorized any repairs to correct the condition. There was no written management agreement and the only evidence presented indicated that there was a monetary limitation on the managing agent’s authority to make repairs without the owner’s consent.
The plaintiffs must establish that the defendant had complete and exclusive control of the management and control of the building which included the authority to make this repair in order to hold it liable (Hagen v Gilman Mgt. Corp., 4 AD3d 330, 331 [2d Dept 2004]). This they failed to do. Plaintiffs offered no evidence as to the cost of the repairs or the monetary limits of the managing agent’s authority to make the repairs without prior approval of the owner. The only testimony as to the cost of repairs was from the managing agent’s witness who stated that *60 it was between $5,000-$20,000, which was clearly beyond his limited authority. He testified that “I would think anything over two thousand dollars I would discuss” and that he had previous authorized expenditures under $2,000 without prior authorization from the owner. This fact distinguishes Tushaj v Elm Mgt. Assoc. (293 AD2d 44 [1st Dept 2002]) where the cost of the repair was $12. Any theory of liability that the placing of the duck board exacerbated the dangerous condition was not submitted to the jury.
Furthermore, since the plaintiff slipped on the same condition he was correcting, he cannot recover (Polgano v New York City Educ. Constr. Fund, 6 AD3d 222 [1st Dept 2004]; Marku v Moore Capital Mgt., 7 AD3d 443 [1st Dept 2004]).
The judgment should be reversed and the complaint dismissed.
Davis and Gangel-Jacob, JJ., concur; McCooe, J.E, dissents in a separate memorandum.