■ Brent F. Fung et al., Respondents, v Japan Airlines Company, Ltd., et al., Defendants, and Japan Airlines Management Corp., Defendant and Third-Party Plaintiff-Appellant. Aero Snow Removal Corp. et al., Third-Party Defendants. [858 NYS2d 738]—

In an action, inter alia, to recover damages for personal injuries, Japan Airlines Management Corp., the defendant third-party plaintiff, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated March 30, 2005, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it. By opinion of the Court of Appeals dated December 13, 2007, the decision and order of this Court dated July 25, 2006 (*see Fung v Japan Airlines Co., Ltd.*, 31 AD3d 707 [2006]), was modified in part, and the matter was remitted to this Court for consideration of the issues raised, but not determined by this Court, on the appeal (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351 [2007]).

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, and that branch of the motion of Japan Airlines Management Corp. which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff Brent F. Fung (hereinafter the plaintiff) allegedly was injured when he slipped and fell on a patch of ice in a parking lot owned by his employer, the third-party defendant Port Authority of New York and New Jersey (hereinafter the Port Authority). Pursuant to an agreement with the Port Authority, the defendant third-party plaintiff Japan Airlines Management Corp. (hereinafter Japan Airlines) had contracted for snow removal from the parking lot. At his deposition, the plaintiff acknowledged that he did not notice any ice in the parking lot until after he fell, that he did not know how long the patch of ice existed before he fell, and that he did not see any snow covering the ice.

Japan Airlines made a prima facie showing that it neither created nor had actual or constructive notice of the icy condition alleged to have caused the plaintiff's fall (*see Makaron v Luna Park Hous. Corp.*, 25 AD3d 770 [2006]; *Carricato v Jefferson Val. Mall Ltd. Partnership*, 299 AD2d 444 [2002]; *DeVivo v Sparago*, 287 AD2d 535 [2001]; *Penny v Pembrook Mgt.*, 280 AD2d 590 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the icy condition was visible and apparent for a sufficient period of time to be discovered and remedied by Japan Airlines (*see Hackbarth v McDonalds Corp.*, 31 AD3d 498 [2006]; *Pizarro v Grenadier Realty Corp.*, 5 AD3d

652 [2004]). The plaintiff's assertion that the patch of ice could have been created by negligently-performed snow removal services is speculative and unsupported by any evidence (*see Krichevskaya v City of New York,* 30 AD3d 471 [2006]; *Yen Hsia v City of New York,* 295 AD2d 565 [2002]; *Davis v City of New York,* 255 AD2d 356 [1998]).

Moreover, as managing agent of the parking lot in which the plaintiff was injured, Japan Airlines could be subject to liability for nonfeasance only if it was in complete and exclusive control of the management and operation of the parking lot (*see Hagen v Gilman Mgt. Corp.,* 4 AD3d 330 [2004]; *Ioannidou v Kingswood Mgt. Corp.,* 203 AD2d 248 [1994]). Here, Japan Airlines could not be held liable to the plaintiff because its agreement with the Port Authority was not a "comprehensive and exclusive" agreement that entirely displaced the Port Authority's duty as the owner to safely maintain the parking lot (*see Usman v Alexander's Rego Shopping Ctr., Inc.,* 11 AD3d 450 [2004]; *Hagen v Gilman Mgt. Corp.,* 4 AD3d 330 [2004]).

Accordingly, the Supreme Court should have granted that branch of the motion of Japan Airlines which was for summary judgment dismissing the complaint insofar as asserted against it.

The parties' remaining contentions either have been rendered academic or are without merit.

In light of our determination on the appeal, upon the entry of a judgment dismissing the complaint insofar as asserted against Japan Airlines, the other third-party complaint must also be dismissed. Skelos, J.P., Fisher, Florio and Dillon, JJ., concur. [*See* 2005 NY Slip Op 30132(U).]