# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**390**

**CA 13-01737**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

HECTOR ORTIZ AND MARIA SANTOS, FORMERLY KNOWN
AS MARIA ORTIZ, AS PARENT AND NATURAL GUARDIAN
OF JAZMINE CASADO, AN INFANT UNDER THE AGE OF
EIGHTEEN, PLAINTIFFS-RESPONDENTS,

V                                        MEMORANDUM AND ORDER

GARY P. LEHMANN, INDIVIDUALLY AND DOING BUSINESS
AS HERITAGE DEVELOPMENT CORPORATION,
DEFENDANT-RESPONDENT,
GENESEE VALLEY GROUP, LTD., DEFENDANT-APPELLANT,
AND HERITAGE DEVELOPMENT CORPORATION, DEFENDANT.

---

SCHNITTER CICCARELLI MILLS PLLC, EAST AMHERST (PATRICIA S. CICCARELLI
OF COUNSEL), FOR DEFENDANT-APPELLANT.

LIPSITZ & PONTERIO, LLC, BUFFALO (ZACHARY JAMES WOODS OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

WOODS OVIATT GILMAN LLP, ROCHESTER (GRETA KATRIN KOLCON OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (John J.
Ark, J.), entered January 11, 2013.  The order denied the motion of
defendant Genesee Valley Group, Ltd. for summary judgment seeking
dismissal of the plaintiffs' claims against it and dismissal of the
cross claim asserted by defendant Gary P. Lehmann, individually and
doing business as Heritage Development Corporation.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiffs commenced this action seeking damages for
injuries allegedly sustained by plaintiff Hector Ortiz and Jazmine
Casado, an infant under the age of 18, between 1994 and 1997 as a
result of exposure to lead paint while residing in a rental unit in
Rochester that was owned by defendant Heritage Development Corporation
(Heritage) and managed by defendant Genesee Valley Group, Ltd. (GVG).
At all times relevant, defendant Gary P. Lehmann was the president of
Heritage and one of two shareholders.  During the occupancy of the
rental unit by Hector and Jazmine, Heritage retained GVG to provide
real property management services.  In April 1994, the Monroe County
Department of Health (DOH) issued a lead paint violation notice to
Heritage and GVG.  On June 23, 1994, following abatement by GVG in May

1994, DOH confirmed that lead paint violations at the unit had been "corrected." However, blood lead level tests performed on Hector and Jazmine on June 7, 1994 indicated increases from tests conducted prior to the abatement process performed by GVG.

In a single cause of action, plaintiffs asserted claims for negligent ownership and maintenance of the premises, as well as negligent abatement of the lead paint hazard. GVG moved for summary judgment dismissing the complaint and Lehmann's cross claim for contribution and/or indemnification on the ground that it did not own or exclusively control the rental unit or perform any affirmative act of negligence with respect thereto. Supreme Court denied the motion.

Contrary to GVG's contention, the court properly denied that part of its motion for summary judgment dismissing plaintiffs' claim based on nonfeasance and Lehmann's cross claim. There are issues of fact concerning the scope and extent of GVG's control over the property, which if "complete and exclusive" could render GVG liable for nonfeasance in abating the lead-based paint condition (*see Ortiz v Gun Hill Mgt., Inc.*, 81 AD3d 512, 513; *German v Bronx United in Leveraging Dollars*, 258 AD2d 251, 252).

Also contrary to GVG's contention, the court properly denied that part of its motion seeking summary judgment dismissing the claim for negligent abatement of the lead-based paint hazard. A managing agent may be liable for affirmative acts of negligence, such as negligent lead paint abatement, notwithstanding a lack of ownership or exclusive control (*see Jones v Park Realty*, 168 AD2d 945, 946, *affd* 79 NY2d 795), and GVG failed to meet its initial burden of establishing that it performed no affirmative acts of negligence in its paint abatement efforts. Even assuming, arguendo, that GVG met its initial burden with respect to that claim, we conclude that the evidence submitted by plaintiffs raised triable issues of fact whether GVG took reasonable measures to abate the lead paint hazard after it received actual notice thereof and whether plaintiffs sustained additional injuries after GVG received such notice (*see Pagan v Rafter*, 107 AD3d 1505, 1506-1507). We therefore conclude that the court properly denied GVG's motion in its entirety.

Entered:  June 20, 2014                          Frances E. Cafarell
                                                 Clerk of the Court