■ THOMAS CALABRO, Appellant, v HARBOUR AT BLUE POINT HOME OWNERS ASSOCIATION, INC., et al., Respondents, et al., Defendant. [991 NYS2d 101]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated March 27, 2013, as granted the motion of the defendants Harbour at Blue Point Home Owners Association, Inc., and Alexander Wolf & Company, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Harbour at Blue Point Home Owners Association, Inc., and Alexander Wolf & Company, Inc., for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiff allegedly sustained personal injuries when he slipped and fell on black ice in the parking lot of a townhouse complex. He commenced this action against, among others, the owner of the premises, the defendant Harbour at Blue Point Home Owners Association, Inc., and the managing agent, the defendant Alexander Wolf & Company, Inc. (hereinafter together the Harbour defendants). The Harbour defendants moved for summary judgment, contending that they did not create the alleged hazardous condition or have actual or constructive notice of it. They also contended that the managing agent owed no duty to the plaintiff.

As a general rule, liability for a dangerous or defective condi-

tion on real property must be predicated upon ownership, occupancy, control, or special use of that property (*see Suero-Sosa v Cardona*, 112 AD3d 706 [2013]; *Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675, 676-677 [2008]; *Schwalb v Kulaski*, 29 AD3d 563, 564 [2006]). A duty of care on the part of a managing agent may arise where there is a comprehensive and exclusive management agreement between the agent and the owner that displaces the owner's duty to safely maintain the premises (*see Fung v Japan Airlines Co., Ltd.*, 51 AD3d 861, 863 [2008]; *Roveccio v Ry Mgt. Co., Inc.*, 29 AD3d 562 [2006]). Here, in moving for summary judgment, the Harbour defendants failed to submit a copy of the written management agreement. Consequently, they failed to establish, prima facie, that the managing agent owed no duty of care to the plaintiff (*see generally L'Aquila Realty, LLC v Jalyng Food Corp.*, 103 AD3d 692 [2013]; *Cendant Car Rental Group v Liberty Mut. Ins. Co.*, 48 AD3d 397 [2008]).

In order to prevail on their motion for summary judgment dismissing the complaint insofar as asserted against them, the Harbour defendants were required to demonstrate that they neither created the allegedly dangerous condition nor had actual or constructive notice of it (*see Samuels v Chap A Nosh of Cedarhurst, Inc.*, 62 AD3d 857, 858 [2009]). The Harbour defendants failed to submit evidence sufficient to establish, prima facie, that they did not have constructive notice of the dangerous condition that allegedly caused the plaintiff to fall. Rather, triable issues of fact exist as to whether the alleged condition that caused the plaintiff to fall was visible and apparent and whether it had existed for a sufficient length of time before the accident such that it could have been discovered and corrected by the Harbour defendants (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Mignogna v 7-Eleven, Inc.*, 76 AD3d 1054 [2010]; *Baines v G&D Ventures, Inc.*, 64 AD3d 528, 529 [2009]; *Totten v Cumberland Farms, Inc.*, 57 AD3d 653, 654 [2008]).

Since the Harbour defendants did not meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court should have denied the Harbour defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.