Lattimore v Thackurdeen (2021 NY Slip Op 03168)





Lattimore v Thackurdeen


2021 NY Slip Op 03168


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-00198
 (Index No. 605630/14)

[*1]Beverly Lattimore, plaintiff-respondent,
v
Anita Thackurdeen, defendant-respondent, Sandra Thackurdeen, appellant, et al., defendant.


Andrea G. Sawyers, Melville, NY (Dominic P. Zafonte of counsel), for appellant.
The Law Offices of Mark E. Weinberger P.C., Rockville Centre, NY (Eric M. Parchment and Conrad Jordan of counsel), for plaintiff-respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant Sandra Thackurdeen appeals from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered August 8, 2017. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint and any cross claims asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Sandra Thackurdeen which was for summary judgment dismissing the complaint and any cross claims asserted against her is granted.
The defendants Christopher Thackurdeen and Anita Thackurdeen own a two-family house that was managed as a rental property with the assistance of their mother, the defendant Sandra Thackurdeen (hereinafter the appellant). In July 2014, the plaintiff, who was at the property visiting a friend who lived there, allegedly was injured after one of the stairs leading to a deck at the back of the house collapsed. According to the plaintiff, she was standing on the top step for several minutes when it suddenly gave way. The plaintiff then commenced actions to recover damages for the personal injuries she allegedly sustained as a result of this accident. The appellant moved, inter alia, for summary judgment dismissing the complaint and any cross claims asserted against her. In an order entered August 8, 2017, the Supreme Court denied the motion. We reverse insofar as appealed from.
"Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property" (Pollard-Leitch v R & D Utica Realty, Inc., 186 AD3d 513, 514; see Usman v Alexander's Rego Shopping Ctr., Inc., 11 AD3d 450, 451). "A duty of care on the part of a managing agent may arise where there is a comprehensive and exclusive management agreement between the agent and the owner that displaces the owner's duty to safely maintain the premises" (Calabro v Harbour at Blue Point Home Owners Assn., Inc., 120 AD3d 462, 463). This, in effect, requires the managing agent to retain "complete and exclusive control of the management and operation" of the property in order for liability to attach for nonfeasance (Hagen v Gilman Mgt. Corp., 4 AD3d 330, 331).
Here, the appellant established her prima facie entitlement to judgment as a matter of law dismissing the complaint and any cross claims asserted against her through evidence demonstrating that while the appellant assisted her daughter Anita Thackurdeen in managing the property in many critical respects, the appellant did not maintain complete or exclusive control, nor was there any written agreement requiring her to do so (see Jones v Park Realty, 168 AD2d 945, affd 79 NY2d 795). The opposition papers failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the complaint and any cross claims asserted against her.
HINDS-RADIX, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court