Cacciuottolo v Brown Harris Stevens Mgt. (2021 NY Slip Op 04656)





Cacciuottolo v Brown Harris Stevens Mgt.


2021 NY Slip Op 04656


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-07812
 (Index No. 502849/17)

[*1]Vincenzo Cacciuottolo, respondent,
v
Brown Harris Stevens Management, appellant.


Farber Brocks & Zane, LLP, Garden City, NY (James Esposito and Lester Chanin of counsel), for appellant.
Pavlounis & Spouggatakis, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated May 28, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
In April 2016, the plaintiff allegedly was injured when he tripped and fell on a broken tile located in an interior courtyard of the cooperative apartment building in which he worked as a doorman. The defendant acted as the managing agent for the building pursuant to a managing agreement with the cooperative.
In February 2017, the plaintiff commenced the instant action to recover damages for personal injuries. In the bill of particulars, the plaintiff alleged, inter alia, that the defendant failed and neglected to adequately and properly maintain the area of the premises where the accident occurred. The defendant subsequently moved for summary judgment dismissing the complaint, contending, among other things, that it owed no duty of care to the plaintiff. By order dated May 28,
2019, the Supreme Court denied the defendant's motion. The defendant appeals.
"[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, the Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. at 140 [citations and internal quotation marks omitted]; see Pinto v Walt Whitman Mall, LLC, 175 AD3d 541, 543).
Where, as here, a managing agent is accused of nonfeasance which causes injury to a third party, it is subject to liability only where it has complete and exclusive control of the management and operation of the property in question (see James v Greenpoint Fin. Corp., 34 AD3d [*2]644, 645; Hagen v Gilman Mgmt. Corp., 4 AD3d 330, 331). A managing agent is not in complete and exclusive control of the premises where the owner has reserved to itself a certain amount of control in the written agreement (see Hagen v Gilman Mgmt. Corp., 4 AD3d at 331).
Here, in support of its motion for summary judgment the defendant submitted, inter alia, a copy of the management agreement and the transcript of the deposition testimony of the building's resident manager. The management agreement provided, in pertinent part, that the defendant was required to "assist and advise" the cooperative in the hiring, supervision, and payment of the cooperative's employees. Further, the terms of the management agreement, as well as the deposition testimony, established (1) that the resident manager, who was an employee of the cooperative, was responsible for supervising all personnel, including the maintenance staff, (2) that all personnel were employees of the cooperative, and (3) that all maintenance, repairs, and inspections were performed by the resident manger or members of the maintenance staff. Based on the foregoing, the defendant established its entitlement to judgment as a matter of law dismissing the complaint by tendering sufficient evidence to demonstrate, prima facie, that the management agreement was not comprehensive and exclusive, and did not entirely displace the cooperative's duty to maintain the premises in a reasonably safe condition (see George v Marshalls of MA, Inc., 61 AD3d 925, 928; Fung v Japan Airlines Co., Ltd., 51 AD3d 861, 863; Hagen v Gilman Mgt. Corp., 4 AD3d at 331). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
In light of the foregoing, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court