Rodriguez v Propark Exec. Mgt. Co., LLC (2022 NY Slip Op 04572)

Rodriguez v Propark Exec. Mgt. Co., LLC

2022 NY Slip Op 04572

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-07995
 (Index No. 9991/15)

[*1]Lioubov Rodriguez, respondent, 
v
Propark Executive Management Company, LLC, appellant.

Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Louise M. Cherkis of counsel), for appellant.
Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated May 9, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action on August 10, 2015, to recover damages for personal injuries she allegedly sustained when she tripped on uneven pavement in the parking lot of her place of employment, Coney Island Hospital. The defendant, Propark Executive Management Company, LLC (hereinafter Propark), managed the parking lot pursuant to a parking concession contract with the New York City Health and Hospitals Corporation (hereinafter NYCHHC), which allegedly leased the property from the City of New York. By notice of motion dated May 14, 2018, Propark moved for summary judgment dismissing the complaint. The Supreme Court denied Propark's motion, determining, inter alia, that there was a triable issue of fact as to whether Propark entirely displaced the owner's duty to maintain the parking lot in a safe condition. Propark appeals, and we reverse.
"'As a general rule, liability for a dangerous or defective condition on property is predicated upon ownership, occupancy, control, or special use of the property'" (Szulinska v Elrob Realty, LLC, 190 AD3d 777, 778, quoting Leitch-Henry v Doe Fund, Inc., 179 AD3d 655, 655). "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138; see Balagyozyan v Federal Realty L.P., 191 AD3d 749, 751-752; Szulinska v Elrob Realty, LLC, 190 AD3d at 778). "However, the Court of Appeals identified three exceptions to the general rule, pursuant to which 'a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain [*2]the premises safely'" (Balagyozyan v Federal Realty L.P., 191 AD3d at 752, quoting Espinal v Melville Snow Contrs., 98 NY2d at 140; see Szulinska v Elrob Realty, LLC, 190 AD3d at 778-779).
Here, Propark met its initial burden of demonstrating its prima facie entitlement to judgment as a matter of law. Propark established, prima facie, that it did not own, occupy, control, or make special use of the subject parking lot, and that it did not create the alleged dangerous condition (see Reeves v Welcome Parking Ltd. Lia. Co., 175 AD3d 633, 635; Leibovici v Imperial Parking Mgt. Corp., 139 AD3d 909, 910). Propark also established, prima facie, that it owed no duty of care to the plaintiff by virtue of the parking concession contract by demonstrating that the plaintiff was not a party to that agreement (see Espinal v Melville Snow Contrs., 98 NY2d at 138; Reeves v Welcome Parking Ltd. Lia. Co., 175 AD3d at 635; Leibovici v Imperial Parking Mgt. Corp., 139 AD3d at 910). Furthermore, Propark established, prima facie, that it did not launch a force or instrument of harm (see Bronstein v Benderson Dev. Co., LLC, 167 AD3d 837, 839; Reisert v Mayne Constr. of Long Is., Inc., 165 AD3d 854, 856; Santos v Deanco Servs., Inc., 142 AD3d 137, 138), and that the parking concession contract was not so comprehensive and exclusive as to displace NYCHHC's duty to maintain the premises safely (see Cacciuottolo v Brown Harris Stevens Mgt., 197 AD3d 551, 552; Pinto v Walt Whitman Mall, LLC, 175 AD3d 541, 544; Hagen v Gilman Mgt. Corp., 4 AD3d 330, 331). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted Propark's motion for summary judgment dismissing the complaint.
The parties' remaining contentions are either academic in light of our determination or without merit.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court