Quezada v CBRE, Inc. (2024 NY Slip Op 01829)

Quezada v CBRE, Inc.

2024 NY Slip Op 01829

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2020-01853
 (Index No. 5047/16)

[*1]Angel Quezada, plaintiff-respondent, 
v
CBRE, Inc., et al., defendants third-party plaintiffs-appellants, et al., defendants; Structure Tone, Inc., third-party defendant-respondent.

McCarthy & Associates, Melville, NY (Michael D. Kern of counsel), for defendants third-party plaintiffs-appellants.
Hoshovsky Law Firm LLC, New York, NY (Serhiy Hoshovsky of counsel), for plaintiff-respondent.
Barry McTiernan & Moore LLC, New York, NY (Laurel A. Wedinger and Allison Snyder of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered November 7, 2019. The order denied the motion of the defendants third-party plaintiffs for summary judgment dismissing the complaint insofar as asserted against them and denied their separate motion for summary judgment on the third-party causes of action for contractual and common-law indemnification.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants third-party plaintiffs which was for summary judgment dismissing the complaint insofar as asserted against the defendant third-party plaintiff CBRE, Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the third-party defendant payable by the defendants third-party plaintiffs.
The plaintiff commenced this action against, among others, the defendants CBRE, Inc. (hereinafter CBRE), and 280 Park Management, LLC (hereinafter 280 Park Management and, together with CBRE, the defendants), to recover damages for personal injuries he alleged he sustained when he tripped and fell over a stub-up pipe protruding from one of the steps of a staircase on certain commercial premises located in Manhattan (hereinafter the premises). The plaintiff alleged, inter alia, that the defendants owned, operated, and/or controlled the premises. The defendants commenced a third-party action against Structure Tone, Inc. (hereinafter Structure Tone), seeking, inter alia, contractual and common-law indemnification. Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them and separately moved for summary judgment on the third-party causes of action for contractual and common-law indemnification. In an order entered November 7, 2019, the Supreme Court denied the motions, and [*2]the defendants appeal.
Ordinarily, "[l]iability for a dangerous condition on property is . . . predicated upon ownership, occupancy, control, or special use of the property" (Pollard-Leitch v R & D Utica Realty, Inc., 186 AD3d 513, 514; see Lattimore v Thackurdeen, 194 AD3d 915, 916). Here, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against 280 Park Management. In support of that branch of their motion, the defendants submitted, inter alia, the conclusory deposition testimony of an individual who was not an employee or officer of either of the defendants to contend that 280 Park Management did not own, operate, or control the premises (see Roman v Bob's Discount Furniture of NY, LLC, 116 AD3d 940, 941; Iacone v Passanisi, 89 AD3d 991, 992). No affidavit or deposition testimony of any employee or officer of 280 Park Management was submitted, nor did the defendants submit an affidavit from an employee of the purported owner. Moreover, although the management agreement between CBRE and Broadway 280 Park Management, LLC, that the defendants submitted demonstrated that CBRE was a managing agent for the premises, it failed to eliminate triable issues of fact as to the relationship between the owner of the premises as defined in that management agreement—Broadway 280 Park Management, LLC—and 280 Park Management with respect to ownership of the premises (see Sloan v 216 Bedford Kings Corp., 208 AD3d 1192, 1195; Simmons v Elmcrest Homeowners' Assn., Inc., 11 AD3d 447, 448).
The defendants also failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them on the ground that the stub-up pipe at issue was open and obvious and not inherently dangerous (see Barone v Risi, 128 AD3d 874, 876; Shah v Mercy Med. Ctr., 71 AD3d 1120, 1120).
However, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against CBRE on the ground that CBRE does not own, operate, or control the premises. "Where, as here, a managing agent is accused of nonfeasance which causes injury to a third party, it is subject to liability only where it has complete and exclusive control of the management and operation of the property in question" (Cacciuottolo v Brown Harris Stevens Mgt., 197 AD3d 551, 552; see Calabro v Harbour at Blue Point Home Owners Assn., Inc., 120 AD3d 462, 462). "A managing agent is not in complete and exclusive control of the premises where the owner has reserved to itself a certain amount of control in the written agreement" (Cacciuottolo v Brown Harris Stevens Mgt., 197 AD3d at 552; see Hagen v Gilman Mgt. Corp., 4 AD3d 330, 331).
Here, CBRE established, prima facie, that it was a managing agent of the premises and that the management agreement was not so comprehensive and exclusive as to displace the duty of the owner of the premises to maintain the premises safely (see Reeves v Welcome Parking Ltd. Liab. Co., 175 AD3d 633, 635; Hagen v Gilman Mgt. Corp., 4 AD3d at 331). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court properly denied the defendants' separate motion for summary judgment on the third-party causes of action for contractual and common-law indemnification against Structure Tone, as they failed to establish their prima facie entitlement to judgment as a matter of law (see Poalacin v Mall Props., Inc., 155 AD3d 900, 909; Bryde v CVS Pharmacy, 61 AD3d 907, 908).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., MALTESE, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court