■ SHARLENE SMALLS, Respondent, v NEW YORK CITY HOUSING AUTHORITY TENANTS ASSOCIATION OF WOODSIDE et al., Defendants, and WOODSIDE BOYS & GIRLS VARIETY CLUB et al., Appellants. [715 NYS2d 322] —In an action to recover damages for personal injuries, the defendants Woodside Variety Boys & Girls Club and Boys Club of Queens appeal from so much of an order of the Supreme Court, Queens County (Posner, J.), dated March 7, 2000, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property. " 'The determinative question is one of possession or control' " (*Welwood v Association for Children with Down Syndrome,* 248 AD2d 707, 708; *Sullivan v Specialty Glass Corp.,* 229 AD2d 572). The Supreme Court properly denied the appellants' motion since the plaintiff submitted sufficient evidence to raise an issue of fact as to whether the appellants had possession of or control over the location where the plaintiff's accident occurred. In addition, the plaintiff's evidence was sufficient to raise an issue of fact as to whether the appellants had actual or constructive notice of the condition which caused the plaintiff's injuries. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.