JOHN C. SIRACUSE, JR., et al., Respondents, v RACE OFFICE EQUIPMENT COMPANY, INC., Defendant, and ASSOCIATED STATIONERS INCORPORATED, Appellant. [718 NYS2d 921] —Order unanimously reversed on the law without costs, motion granted

and complaint against defendant Associated Stationers Incorporated dismissed. Memorandum: Supreme Court erred in denying the motion of Associated Stationers Incorporated (defendant) for summary judgment dismissing the complaint against it. Plaintiffs commenced this action seeking damages for injuries sustained by John C. Siracuse, Jr. (plaintiff) while delivering defendant's office products to defendant Race Office Equipment Company, Inc. Plaintiffs allege in the second and third causes of action of the complaint that defendants violated Labor Law §§ 200 and 376. In their bill of particulars, however, plaintiffs state that they allege only negligence against defendant and no longer claim any statutory violations on the part of defendant.

Defendant established its entitlement to judgment as a matter of law on the remaining cause of action, alleging negligence. "Liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property" (*Smalls v New York City Hous. Auth. Tenants Assn. of Woodside*, 276 AD2d 619, 620). Defendant established that it did not occupy, own, or control the property where the accident occurred (*see, Turner v Federated Dept. Stores*, 182 AD2d 815), and plaintiffs failed to raise an issue of fact (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562). (Appeal from Order of Supreme Court, Genesee County, Rath, Jr., J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hurlbutt, Kehoe and Lawton, JJ.