■ TASQUEEN USMAN et al., Respondents, v ALEXANDER'S REGO SHOPPING CENTER, INC., Respondent, and CENTRAL PARKING SYSTEMS OF NEW YORK, INC., Doing Business as MEYERS PARKING SYSTEMS, Also Known as EDISON ALLRIGHT, Sued Herein as KINNEY PARKING SYSTEM, INC., Appellant. [782 NYS2d 757]—

In an action to recover damages for personal injuries, etc., the defendant Central Parking Systems of New York, Inc., doing business as Meyers Parking Systems, also known as Edison Allright, sued herein as Kinney Parking System, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated May 27, 2003, as

denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

"[L]iability for a dangerous or defective condition on [real] property is generally predicated upon ownership, occupancy, control or special use of the property . . . Where none is present, a party cannot be held liable for injuries caused by the dangerous or defective condition of the property" (*Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957 [1992]; *see Dugue v 1818 Newkirk Mgt. Corp.*, 301 AD2d 561 [2003]; *Smalls v New York City Hous. Auth. Tenants Assn. of Woodside*, 276 AD2d 619 [2000]; *Masterson v Knox*, 233 AD2d 549 [1996]). Here, the appellant sustained its initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidence that it did not own the subject parking garage, did not occupy or possess the garage, did not exercise any control over the maintenance and repair of the garage, and did not cause or create the dangerous condition which allegedly caused the injured plaintiff's fall. In opposition, the plaintiffs and the defendant property owner failed to come forward with evidentiary proof to defeat the appellant's prima facie showing.

In this regard, we note that in its role as managing agent of the parking garage, the appellant could be subject to tort liability for breach of its contractual duty to keep the premises in good condition only if its contract with the owner was a "comprehensive and exclusive" agreement that entirely displaced the owner's duty to maintain the premises safely (*see Church v Callanan Indus.*, 99 NY2d 104, 113 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141 [2002]; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588 [1994]; *Hagen v Gilman Mgt. Corp.*, 4 AD3d 330 [2004]). Since the subject management contract was not such a comprehensive and exclusive agreement, the appellant cannot be held liable to third parties allegedly injured by its breach of contract (*see Patterson v New York City Tr. Auth.*, 5 AD3d 454 [2004]; *Hagen v Gilman Mgt. Corp., supra; Baher v Shelter Express*, 298 AD2d 320 [2002]). We further note that the appellant's contractual duties did not include altering the premises to correct the design defect which allegedly caused the injured plaintiff's fall (*see Baher v Shelter Express, supra*). Altman, J.P., Smith, Krausman and Skelos, JJ., concur.