■ ROBERT SCHWALB et al., Respondents, v LISA A. KULASKI et al., Appellants, et al., Defendant. [814 NYS2d 696]—

In an action to recover damages for personal injuries, etc., the defendants Lisa A. Kulaski, William V. Kulaski, Jr., and William V. Kulaski III, individually and doing business as Kulaski Realty, appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered December 21, 2004, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendants Lisa A. Kulaski, William V. Kulaski, Jr., and William V. Kulaski III, individually and doing business as Kulaski Realty, and the action against the remaining defendant is severed.

The plaintiffs Robert Schwalb and Suzanne Schwalb, prospective buyers of a farm owned by the defendant Ruth McCormack, commenced this action against McCormack and her real estate agents, Lisa A. Kulaski, William V. Kulaski, Jr., and William V. Kulaski III, individually and doing business as Kulaski Realty (hereinafter collectively the Kulaski defendants), to recover damages for injuries allegedly sustained by Mr. Schwalb when his leg broke through the second-story floorboards of a barn being shown to the plaintiffs by William V. Kulaski III. The

Supreme Court denied the Kulaski defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. We reverse.

Generally, liability for an allegedly defective condition on property must be based on occupancy, ownership, control, or special use of the premises (*see James v Stark*, 183 AD2d 873 [1992]). The Kulaski defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that they did not own, control, occupy, maintain, or manage the property and that their only connection to the property was to show it to prospective buyers. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]). Because the Kulaski defendants owed no duty of care to the plaintiffs, and had no knowledge of the defect in the barn, they cannot be held liable for the allegedly defective condition on the property (*see Pirie v Krasinski*, 18 AD3d 848, 850 [2005]; *Meyer v Tyner*, 273 AD2d 364, 365 [2000]; *Bruhns v Antonelli*, 255 AD2d 478 [1998]).

The plaintiffs' contention that the Kulaski defendants may be held liable under a theory of negligent misrepresentation is without merit. The general comments allegedly made by William V. Kulaski III to the plaintiffs regarding the condition of the barn were merely opinion. As such, they are insufficient to create liability on a theory of negligent misrepresentation (*see Pappas v Harrow Stores*, 140 AD2d 501, 504 [1988]).

The plaintiffs' remaining contention is without merit. Accordingly, the Supreme Court should have granted the Kulaski defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Florio, J.P., Crane, Goldstein and Spolzino, JJ., concur.