■ KEITH LONG, Appellant, v GAP, INC., Respondent, et al., Defendants. [824 NYS2d 919]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered May 12, 2005, as (1) granted the motion of the defendant Gap, Inc., for leave to reargue, and upon reargument, vacated so much of its prior order entered December 30, 2004 as denied that defendant's prior motion for summary judgment dismissing the complaint insofar as asserted against it, and thereupon, granted the motion for summary judgment, and, (2) upon granting the plaintiff's cross motion for leave to reargue, adhered to so much of its prior order entered December 30, 2004 as denied the plaintiff's motion for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting the defendants' motion for leave to reargue (see *Perez v Linshar Realty Corp.,* 259 AD2d 532 [1999]; *Long v Long,* 251 AD2d 631 [1998]; *Rodney v New York Pyrotechnic Prods. Co.,* 112 AD2d 410 [1985]). Upon reargument, the Supreme Court correctly determined that the defendant Gap, Inc., established its prima facie entitlement to summary judgment (see *Termine v Continental Baking Co.,* 299 AD2d 406 [2002]). In response, the plaintiff failed to raise a triable issue of fact (*id.*).

The plaintiff's remaining contentions are without merit. Goldstein, J.P., Skelos, Lunn and Covello, JJ., concur.