■ ELAINE LAMB, as Administrator of the Estate of THOMAS LAMB, Deceased, et al., Appellants, v KEVIN MALONEY et al., Respondents, et al., Defendants. [850 NYS2d 138]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered May 9, 2006, which, inter alia, denied those branches of their motion which were to strike the answers of the defendants Kevin Maloney and Kevin Maloney, Physician, PLLC, pursuant to CPLR 3126 based on spoliation of evidence, among other things, to preclude the defendants Kevin Maloney and Kevin Maloney, Physician, PLLC, from utilizing their office records to support their defenses, to compel the depositions of Anderson Rios, Marie Zuccarelli, and "any other staff/employees/individuals who had contact with the office computers/hard drive," to compel the production of "all documentary evidence regarding the 'destruction' of the hard drive, the purchase and formatting of any replacement computer, complete details regarding the date of purchase of the destroyed computer and all software utilized, all service and maintenance records for the destroyed computer and complete details regarding all back-up mechanisms used" with respect to those defendants, and to permit the plaintiffs to inspect all "current[ ]" computers of those defendants.

Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provisions thereof denying those branches of the plaintiffs' motion which were (a) to compel the depositions of Anderson Rios, Marie Zuccarelli, and "any other staff/employees/individuals who had contact with the office computers/hard drive," (b) to compel the production of "all documentary evidence regarding the 'destruction' of the hard drive, the purchase and formatting of any replacement computer, complete details regarding the date of purchase of the destroyed computer and all software utilized, all service and maintenance records for the destroyed computer and complete details regarding all back-up mechanisms used" with respect to those defendants, and (c) to permit the plaintiffs to inspect all "current[ ]" computers of those defendants, and substituting therefor provisions granting those branches of the motion, and (2) by adding to the denial of those branches of the plaintiffs' motion which were to strike the answer of the defendants Kevin Maloney and Kevin Maloney, Physician, PLLC, or, among other things, to preclude those defendants from utilizing their office records to support their defenses, a provision that the denial is without prejudice to renewal of those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

Trial courts are given broad discretion in determining the nature and degree of the penalty to be imposed pursuant to CPLR 3126 (*see Mayers v Consolidated Charcoal Co.,* 154 AD2d 577 [1989]).

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion insofar as it sought to strike the answer of the defendants Kevin Maloney and Kevin Maloney, Physician, PLLC (hereinafter together the Maloney defendants) or, among other things, to preclude the Maloney defendants from utilizing their office records to support their defenses and for a missing-evidence charge. An answer may be stricken by reason of spoliation of evidence where there is a clear showing that the party seeking that evidence is " 'prejudicially bereft of appropriate means to confront a claim with incisive evidence' (*Foncette v LA Express,* 295 AD2d 471, 472 [2002], quoting *New York Cent. Mut. Fire Ins. Co. v Turnerson's Elec.,* 280 AD2d 652, 653 [2001])" (*Madison Ave. Caviarteria v Hartford Steam Boiler Inspection & Ins. Co.,* 2 AD3d 793, 796 [2003]; *see also Kirschen v Marino,* 16 AD3d 555 [2005]). Here, the plaintiffs made no such showing.

The Supreme Court improvidently exercised its discretion, however, in denying the plaintiffs' alternative request, which

was unopposed, to compel additional discovery, including depositions of certain witnesses, production of records, and inspection of computers. Such additional discovery was reasonably calculated to produce relevant and material evidence and the Maloney defendants failed to demonstrate any prejudice as a result. Therefore, such additional discovery should have been permitted (*see Karakostas v Avis Rent A Car Sys.*, 306 AD2d 381 [2003]; *see also LaRocca v DeRicco*, 39 AD3d 486 [2007]; *Matter of Ventura*, 26 AD3d 334 [2006]). In light of the additional discovery that is to be conducted relevant to the alleged spoliation of evidence, the denial of those branches of the plaintiffs' motion which were to strike the answer of the Maloney defendants or, inter alia, to preclude them from utilizing their office records to support their defenses, should be without prejudice to renewal of that branch of the motion (*cf. Kreusi v City of New York*, 40 AD3d 820 [2007]).

The parties' remaining contentions are without merit. Spolzino, J.P., Krausman, Angiolillo and McCarthy, JJ., concur.