■ RHINA CANAAN et al., Appellants-Respondents, v COSTCO WHOLESALE MEMBERSHIP, INC., et al., Respondents-Appellants. [854 NYS2d 442]—

The Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was for leave to reargue (see Long v Gap, Inc., 35 AD3d 673 [2006]). Furthermore, upon reargument, the Supreme Court correctly vacated its order dated June 2, 2006, which struck the defendants' answer. There was no showing that the defendants willfully or contumaciously failed to comply with the plaintiffs' requests for, or court orders directing, disclosure (see CPLR 3126; Conciatori v Port Auth. of N.Y. & N.J., 46 AD3d 501 [2007]; Sau Ting Cheng v Prime Design Realty, Inc., 44 AD3d 644 [2007]; Resnick v Schwarzkopf, 41 AD3d 573 [2007]). In addition, the plaintiffs' argument that the defendants' alleged spoliation of evidence provided an independent ground for striking the answer was improperly raised for the first time in their reply papers, submitted on the underlying motion to strike (see Matter of Harleysville Ins. Co. v Rosario, 17 AD3d 677, 677-678 [2005]). In any event, the remedy of striking the defendants' pleading was not warranted in this case, as the alleged spoliation did not leave the plaintiffs "prejudicially bereft" of the means of presenting their claim of actual notice of the condition that caused the injured plaintiff to fall (see Lamb v Maloney, 46 AD3d 857 [2007]). Accordingly, we affirm the order insofar as appealed from.

As for the cross appeal, the defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the defendant Costco Wholesale Membership, Inc., doing business as Costco Wholesale, Inc. (hereinafter Costco Membership), did not own, control, occupy, maintain,

manage, or possess the property where the injured plaintiff fell. Accordingly, it owed no duty to her (*see Galindo v Town of Clarkstown,* 2 NY3d 633, 636 [2004]; *Schwalb v Kulaski,* 29 AD3d 563, 564 [2006]; *Usman v Alexander's Rego Shopping Ctr., Inc.,* 11 AD3d 450, 451 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Therefore, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Costco Membership.

Since Costco Membership is the only party in this action whose presence supports venue in Kings County, the remaining defendant, Costco Wholesale Corporation, Inc., doing business as Costco Wholesale, Inc. (hereinafter Costco Corporation) demonstrated that the venue of this action should be changed upon dismissal of the complaint against Costco Membership (*see Clase v Sidoti,* 20 AD3d 330, 330-331 [2005]; *Crew v St. Joseph's Med. Ctr.,* 19 AD3d 205, 206 [2005]; *Halina Yin Fong Chow v Long Is. R.R.,* 202 AD2d 154, 155 [1994]). Costco Corporation asked that the venue be changed to Westchester County. This action was commenced on February 13, 2004. At her deposition on February 14, 2005 the injured plaintiff indicated that she had resided in Westchester County for the past seven years. Thus, Westchester County is an appropriate venue, as that is the county in which the injured plaintiff resided at the time the action was commenced (*see* CPLR 503 [a]). The injured plaintiff's contention that she resided in Bronx County at the time this action was commenced is unsupported by the evidence. While she testified at her deposition that she lived in Bronx County for seven or eight months in the year 2004, she did not state precisely when in that year she did so. Nor did she submit an affidavit clarifying the issue in response to that branch of the motion which was to change venue. Under the circumstances, we agree with Costco Corporation that venue should be changed to Westchester County.

Accordingly, we reverse the order insofar as cross-appealed from, and grant those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against Costco Membership and to change the venue of the action to Westchester County.

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Florio, Miller and Dickerson, JJ., concur.