■ RICHARD LOGATTO, Respondent, v CITY OF NEW YORK et al., Respondents, and BROOKLYN BASEBALL COMPANY, LLC, Also Known as BROOKLYN CYCLONES, Appellant. [859 NYS2d 469]—

In an action to recover damages for personal injuries, the de-

fendant Brooklyn Baseball Company, LLC, also known as the Brooklyn Cyclones, appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated December 14, 2006, which denied that branch of its motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint and all cross claims insofar as asserted against it, with leave to renew after discovery.

Ordered that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Brooklyn Baseball Company, LLC, also known as the Brooklyn Cyclones, which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff averred that he sustained personal injuries when he tripped and fell due to an allegedly defective condition in the parking lot adjacent to Keyspan Park in Brooklyn. In the ensuing personal injury action, in lieu of answering, the defendant Brooklyn Baseball Company, LLC, also known as the Brooklyn Cyclones (hereinafter BBC), moved, inter alia, pursuant to CPLR 3211 (a) (1) to dismiss the complaint and all cross claims insofar as asserted against it. The Supreme Court denied that branch of the motion, and BBC appeals. We reverse.

Dismissal under CPLR 3211 (a) (1) is warranted where the "documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez,* 84 NY2d 83, 88 [1994]; *see Sheridan v Town of Orangetown,* 21 AD3d 365, 365-366 [2005]; *Fast Track Funding Corp. v Perrone,* 19 AD3d 362 [2005]). In this case, among other things, BBC submitted a stadium lease between it and the defendant City of New York which conclusively demonstrated that BBC did not own, control, or lease, nor did it have any responsibility to maintain or repair, the parking lot area where the plaintiff allegedly fell. Accordingly, BBC conclusively demonstrated that it could not be liable for the allegedly defective condition (*see Schwalb v Kulaski,* 29 AD3d 563, 564 [2006]), and the Supreme Court should have granted that branch of its motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint and all cross claims insofar as asserted against it. Lifson, J.P., Miller, Dillon and Eng, JJ., concur.