■ Julio A. Velez, Plaintiff, v Captain Luna's Marina et al., Appellants, and Viva Empanada et al, Respondents, et al., Defendants. [904 NYS2d 474]—

In an action to recover damages for personal injuries, the defendants Captain Luna's Marina and John Luna appeal from an order of the Supreme Court, Queens County (McDonald, J.), entered June 30, 2008, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action.

Ordered that the order is affirmed, with one bill of costs.

Although the defendants Captain Luna's Marina and John Luna (hereinafter together the appellants) moved pursuant to CPLR 3211, the Supreme Court, in effect, converted the motion into one for summary judgment pursuant to CPLR 3212 without providing adequate notice pursuant to CPLR 3211 (c). This was error (*see Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]; *Bowes v Healy*, 40 AD3d 566, 566-567 [2007]). Thus, this Court will apply the standards applicable to a motion to dismiss pursuant to CPLR 3211 (*see Neurological Servs. of Queens, P.C. v*

*Farmingville Family Med. Care, PLLC*, 63 AD3d 703, 704 [2009]).

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Moore v Liberty Power Corp., LLC*, 72 AD3d 660 [2010], *lv denied* 14 NY3d 713 [2010]). "[B]are legal conclusions, as well as factual claims flatly contradicted by the record, are not entitled to any such consideration" (*Garner v China Natural Gas, Inc.*, 71 AD3d 825, 826 [2010]; *see Riback v Margulis*, 43 AD3d 1023 [2007]).

Imposition of liability for a dangerous condition on property must be predicated upon occupancy, ownership, control, or special use of the premises (*see Canaan v Costco Wholesale Membership, Inc.*, 49 AD3d 583, 584-585 [2008]; *Logatto v City of New York*, 51 AD3d 984 [2008]; *Schwalb v Kulaski*, 29 AD3d 563, 564 [2006]). "Where none is present, a party cannot be held liable for injuries caused by the dangerous or defective condition of the property" (*Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957 [1992]; *see Usman v Alexander's Rego Shopping Ctr., Inc.*, 11 AD3d 450, 451 [2004]).

Here, the plaintiff alleges that the appellants own, operate, maintain, and control the area where the plaintiff slipped on an oily surface and fell. In support of their motion to dismiss the complaint insofar as asserted against them, the appellants submitted an affidavit stating that they did not own or control the subject premises. This affidavit did not flatly contradict the plaintiff's allegations in that it failed to establish, as a matter of law, that the appellants did not own, operate, maintain, or control the premises. Accordingly, the appellants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them was properly denied (*see Fleming v Kamden Props., LLC*, 41 AD3d 781, 782 [2007]; *cf. Ruffino v New York City Tr. Auth.*, 55 AD3d 817, 819 [2008]). Skelos, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.