In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated June 28, 2012, which, in effect, converted the motion of the defendant Sherifat Oladopo pursuant to CFLR 3211 (a) *687 to dismiss the complaint insofar as asserted against her and pursuant to CPLR 6514 (a) to cancel the notice of pendency into one for summary judgment, and thereupon granted the motion.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Sherifat Oladopo pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against her and pursuant to CPLR 6514 (a) to cancel the notice of pendency is denied.
The defendant Sherifat Oladopo is the current record owner of a home encumbered by a mortgage held by the plaintiff, as assignee of the original mortgagee. The mortgagor of record is the defendant Jagdesh Kuldip. The plaintiff commenced this action to foreclose the subject mortgage, alleging that, after more than two years of payments on the mortgage, the mortgage fell into default. Oladopo did not serve an answer to the complaint or any counterclaims. After attending settlement conferences, Oladopo moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against her, and pursuant to CPLR 6514 (a) to cancel the notice of pendency, on the ground that the subject mortgage was fraudulently obtained by Kuldip in connection with a mortgage foreclosure rescue scam. In support of the motion, Oladopo submitted exhibits purporting to establish that the mortgage must be vacated and set aside on the ground of fraud. The Supreme Court granted the motion.
On this record, the Supreme Court, in effect, improperly converted Oladopo’s motion pursuant to CPLR 3211 (a) to dismiss the complaint into one for summary judgment without providing “adequate notice to the parties” (CPLR 3211 [c]). Moreover, none of the recognized exceptions to the notice requirement applied here (see Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]; Sunset Café, Inc. v Mett’s Surf & Sports Corp., 103 AD3d 707, 708 [2013]; Barretti v Detore, 95 AD3d 803, 806 [2012]). Applying the standards governing a motion to dismiss a complaint pursuant to CPLR 3211 (a) (see Sunset Café, Inc. v Mett’s Surf & Sports Corp., 103 AD3d at 708; Velez v Captain Luna’s Mar., 74 AD3d 1191 [2010]), Oladopo failed to establish any ground for dismissal of the complaint. Since Oladopo failed to establish entitlement to dismissal of the complaint, she failed to establish a ground for mandatory cancellation of the notice of pendency {see CPLR 6514 [a]). Accordingly, Oladopo’s motion should have been denied. Skelos, J.P., Angiolillo, Roman and Hinds-Radix, JJ., concur.