■ SARAH TOBY SOBEL, Respondent, v CITY OF NEW YORK et al., Respondents, and PHOENIX GIFT SHOP, Appellant, et al., Defendant. [991 NYS2d 93]—

In an action to recover damages for personal injuries, the defendant Phoenix Gift Shop appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated November 15, 2012, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and granted that branch of the cross motion of defendants Midwood 11, LLC, and DMYI Realty Corporation which was for conditional summary judgment on the cross claim of the defendant Midwood 11, LLC, for contractual indemnification against the defendant Phoenix Gift Shop.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On December 5, 2007, the plaintiff allegedly tripped while attempting to get into a car parked at a curb adjacent to a corner parcel of real property located in Brooklyn. That parcel was owned by the defendant Midwood 11, LLC (hereinafter Midwood), and leased by the defendant Phoenix Gift Shop (hereinafter Phoenix). The plaintiff testified at a hearing held pursuant to General Municipal Law § 50-h that she was injured because her left foot became caught on a broken part of the sidewalk as well as on a piece of broken metal that was part of a metal

sewer/catch basin that was embedded into the curb. After joinder of issue, Phoenix moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Midwood and its property manager, the defendant DMYI Realty Corporation (hereinafter DMYI), cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and for conditional summary judgment on Midwood's cross claim for contractual indemnification against Phoenix. The Supreme Court denied Phoenix's motion and granted that branch of Midwood and DMYI's cross motion which was for conditional summary judgment on Midwood's cross claim for contractual indemnification against Phoenix. Phoenix appeals.

"Imposition of liability for a dangerous condition on property must be predicated upon occupancy, ownership, control, or special use of the premises" (*Velez v Captain Luna's Mar.*, 74 AD3d 1191, 1192 [2010]; *see LaGuarina v Metropolitan Tr. Auth.*, 109 AD3d 793 [2013]; *Logatto v City of New York*, 51 AD3d 984 [2008]; *Canaan v Costco Wholesale Membership, Inc.*, 49 AD3d 583, 584-585 [2008]; *Schwalb v Kulaski*, 29 AD3d 563, 564 [2006]). " 'Where none is present, a party cannot be held liable for injuries caused by the dangerous or defective condition of the property' " (*Velez v Captain Luna's Mar.*, 74 AD3d at 1192, quoting *Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957 [1992]; *see LaGuarina v Metropolitan Tr. Auth.*, 109 AD3d at 793; *Usman v Alexander's Rego Shopping Ctr., Inc.*, 11 AD3d 450, 451 [2004]). Phoenix alleges that the plaintiff fell on the curb and that it was not responsible for maintaining it. Nonetheless, Phoenix failed to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it. The precise location of the plaintiff's fall cannot be determined from the record, and there are triable issues of fact as to whether Phoenix was responsible, under its written lease with Midwood, for the maintenance and repair of the curb and sidewalk adjacent to its property. Accordingly, the Supreme Court properly denied Phoenix's motion for summary judgment.

The Supreme Court properly granted that branch of the cross motion of Midwood and DMYI which was for conditional summary judgment on Midwood's cross claim against Phoenix for contractual indemnification. "A court may render a conditional judgment on the issue of indemnity pending determination of the primary action in order that the indemnitee may obtain the earliest possible determination as to the extent to which he or she may expect to be reimbursed provided that there are no is-

sues of fact concerning the indemnitee's active negligence" (*George v Marshalls of MA, Inc.*, 61 AD3d 931, 932 [2009]; *see Rodriguez v Tribeca 105, LLC*, 93 AD3d 655 [2012]). Midwood and DMYI established their prima facie entitlement to judgment as a matter of law by showing that they were not actively negligent. In opposition, Phoenix failed to raise a triable issue of fact.

Phoenix's remaining contentions are without merit. Dillon, J.P., Hall, Sgroi and Barros, JJ., concur.