Winter v ESRT Empire State Bldg., LLC (2022 NY Slip Op 00333)





Winter v ESRT Empire State Bldg., LLC


2022 NY Slip Op 00333


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2019-14439
 (Index No. 600134/15)

[*1]John Winter, et al., plaintiffs, 
v
ESRT Empire State Building, LLC, et al., defendants third-party plaintiffs-appellants, Otis Elevator Company, defendant third-party defendant-respondent.


McGaw, Alventosa & Zajac, Jericho, NY (Ross P. Masler of counsel), for defendants third-party plaintiffs-appellants.
McNamara & Horowitz LLP, New York, NY (John McNamara of counsel), for defendant third-party defendant-respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), dated December 4, 2019. The order, insofar as appealed from, denied that branch of the defendants third-party plaintiffs' cross motion which was for summary judgment on the third-party cause of action for contractual indemnification.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment on the third-party cause of action for contractual indemnification is granted to the extent of granting them conditional summary judgment on that third-party cause of action.
The plaintiff John Winter (hereinafter the injured plaintiff) allegedly was injured when he was struck in the head by the door of a freight elevator on the loading dock of the Empire State Building. The building is owned and operated by the defendants third-party plaintiffs, ESRT Empire State Building, LLC, and Empire State Realty Trust, Inc. (hereinafter together the ESRT defendants). The defendant third-party defendant, Otis Elevator Company (hereinafter Otis), serviced and maintained the elevators in the building pursuant to an elevator maintenance contract with the ESRT defendants.
The injured plaintiff, and his wife suing derivatively, commenced an action against the ESRT defendants alleging negligent maintenance of the subject elevator. Subsequently, the ESRT defendants commenced a third-party action against Otis, inter alia, for contractual indemnification. The plaintiffs then commenced a separate action against Otis. By stipulation and order entered April 16, 2018, the actions were consolidated.
After discovery, the ESRT defendants cross-moved, inter alia, for summary judgment on the third-party cause of action for contractual indemnification, pursuant to a contractual indemnification clause in their contract with Otis. The contractual indemnification clause provided, [*2]in pertinent part: "INDEMNITY. To the fullest extent permitted by law, Contractor does and shall defend, indemnify and hold harmless Owner . . . from and against all claims, damages, losses and expenses . . . arising out of or resulting from the performance of the Work, provided that any such claim, damage loss or expense (a) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property, and (b) is caused in whole or in part by any negligent act or omission of Contractor . . . or caused by their failure to comply with statutory or contractual obligations; provided however, nothing contained herein shall require Contractor to indemnify Owner for or against any claim, damage or loss to the extent that the same is attributable to the willful misconduct or active negligence or omissions of Owner . . . Only to the extent prohibited by law, a party shall not be indemnified against the Indemnitee's own negligence."
By order dated December 4, 2019, the Supreme Court, inter alia, denied that branch of the ESRT defendants' cross motion which was for summary judgment on the third-party cause of action for contractual indemnification. The ESRT defendants appeal.
"A court may render a conditional judgment on the issue of indemnity pending determination of the primary action in order that the indemnitee may obtain the earliest possible determination as to the extent to which he or she may expect to be reimbursed" (Sobel v City of New York, 120 AD3d 485, 486 [internal quotation marks omitted]). To obtain conditional relief on a claim for contractual indemnification, "the one seeking indemnity need only establish that it was free from any negligence and [may be] held liable solely by virtue of . . . statutory [or vicarious] liability" (Jamindar v Uniondale Union Free School Dist., 90 AD3d 612, 616 [internal quotation marks omitted]; Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d 1253, 1260).
Here, the ESRT defendants established their prima facie entitlement to judgment as a matter of law by showing that they did not have notice of the alleged defect in the subject elevator (see Palladino v New York City Hous. Auth., 173 AD3d 1196, 1196; Nunez v Chase Manhattan Bank, 155 AD3d 641, 643), and Otis did not notify the ESRT defendants when repairs and/or maintenance was performed on the elevators in the building. In opposition, Otis noted that the injured plaintiff testified at his deposition that, after the accident, an unidentified security guard told him that he was struck by the door of the subject elevator the previous week. However, this hearsay statement standing alone was insufficient to raise a triable issue of fact (see Sanchez v City of New York, 190 AD3d 999, 1001; Kontorinakis v 27-10 30th Realty, LLC, 172 AD3d 835, 836). Accordingly, the Supreme Court should have granted that branch of the ESRT defendants' cross motion which was for summary judgment on the third-party cause of action for contractual indemnification to the extent of granting them conditional summary judgment on that third-party cause of action (see Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d at 1260; Sobel v City of New York, 120 AD3d at 486).
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court