Pillco v 160 Dikeman St., LLC (2024 NY Slip Op 05996)

Pillco v 160 Dikeman St., LLC

2024 NY Slip Op 05996

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2023-02431
 (Index No. 524963/19)

[*1]Fabian Pillco, plaintiff, 
v
160 Dikeman Street, LLC, defendant, KSK Construction Group, LLC, defendant third-party plaintiff-respondent; ATA Construction New York Inc., third-party defendant-appellant.

Gorton & Gorton, LLP, Garden City, NY (John T. Gorton of counsel), for third-party defendant-appellant.
Fabiani Cohen & Hall, LLP, New York, NY (Michael S. Fabiani of counsel), for defendant third-party plaintiff-respondent and defendant.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Kings County (Robin K Sheares, J.), dated February 23, 2023. The order granted the motion of the defendant third-party plaintiff (1), in effect, for summary judgment on the third-party cause of action for contractual indemnification for attorneys' fees, expenses, costs, and disbursements incurred in this action, and (2) for conditional summary judgment on the third-party cause of action for contractual indemnification for any damages awarded to the plaintiff.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant third-party plaintiff which was, in effect, for summary judgment on the third-party cause of action for contractual indemnification for attorneys' fees, expenses, costs, and disbursements incurred in this action, and substituting therefor a provision conditionally granting that branch of the motion pending a determination as to the negligence, if any, of the third-party defendant, and (2) by deleting the provision thereof granting that branch of the motion of the defendant third-party plaintiff which was for conditional summary judgment on the third-party cause of action for contractual indemnification for any damages awarded to the plaintiff, and substituting therefor a provision conditionally granting that branch of the motion pending a determination as to the negligence, if any, of the third-party defendant; as so modified, the order is affirmed, with costs to the third-party defendant.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained after an object fell on him at a construction site owned by the defendant 160 Dikeman, LLC. KSK Construction Group, LLC (hereinafter KSK), was hired as the general contractor for the construction project. ATA Construction New York, Inc. (hereinafter ATA), employed the plaintiff and was subcontracted by KSK to work at the site.
On June 10, 2020, KSK commenced a third-party action seeking, inter alia, [*2]contractual indemnification for any damages awarded to the plaintiff and for attorneys' fees, costs, and disbursements incurred in this action pursuant to a contractual indemnification clause in its contract with ATA. The contractual indemnification clause provided, in pertinent part: "To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Owner and/or Contractor and employee of either of them from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of the Subcontractor's Work, including but not limited to, such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself), including loss of use resulting therefrom, caused by negligent acts or omissions of the Subcontractor, the Subcontractor's Sub-subcontractors, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder."
KSK moved, in effect, for summary judgment on the third-party cause of action for contractual indemnification for attorneys' fees, expenses, costs, and disbursements incurred in this action and for conditional summary judgment on the third-party cause of action for contractual indemnification for any damages awarded to the plaintiff. ATA opposed the motion. By order dated February 23, 2023, the Supreme Court granted KSK's motion. ATA appeals.
"'A court may render a conditional judgment on the issue of indemnity pending determination of the primary action in order that the indemnitee may obtain the earliest possible determination as to the extent to which he or she may expect to be reimbursed'" (Winter v ESRT Empire State Bldg., LLC, 201 AD3d 844, 845, quoting Sobel v City of New York, 120 AD3d 485, 486 [internal quotation marks omitted]). To obtain conditional relief on a claim for contractual indemnification, "'the one seeking indemnity need only establish that it was free from any negligence and [may be] held liable solely by virtue of . . . statutory [or vicarious] liability'" (Winter v ESRT Empire State Bldg., LLC, 201 AD3d at 845, quoting Jamindar v Uniondale Union Free School Dist., 90 AD3d 612, 616 [internal quotation marks omitted]).
Here, KSK established its prima facie entitlement to judgment as a matter of law by demonstrating that it was not negligent with respect to the plaintiff's alleged injuries (see Winter v ESRT Empire State Bldg., LLC, 201 AD3d at 845; Graziano v Source Bldrs & Consultants, LLC, 175 AD3d 1253, 1260). The plaintiff testified that he worked for ATA, took instructions exclusively from ATA employees, only used ATA equipment, was injured while fixing work that had previously been performed inadequately by other ATA employees, and was told by an ATA foreman that he was moving too slowly using a scaffold and should use a ladder instead. In opposition, ATA failed to raise a triable issue of fact. Accordingly, the Supreme Court properly determined that KSK was entitled to conditional summary judgment on the third-party cause of action for contractual indemnification for any damages awarded to the plaintiff. However, that branch of KSK's motion should have been conditionally granted pending a determination of the negligence, if any, of ATA (see Winter v ESRT Empire State Bldg., LLC, 201 AD3d at 845; Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d at 1260). Similarly, that branch of KSK's motion which was, in effect, for summary judgment on the third-party cause of action for contractual indemnification for attorneys' fees, expenses, costs, and disbursements incurred in this action should have been conditionally granted pending a determination as to the negligence, if any, of ATA. Since ATA is not an insurer, its duty to defend is no broader than its duty to indemnify (see Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d 807, 809).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court