**Haut v Consolidated Edison Co. of N.Y., Inc.**

2025 NY Slip Op 32771(U)

August 12, 2025

Supreme Court, New York County

Docket Number: Index No. 153071/2021

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. HASA A. KINGO**

PART 05M

*Justice*

-------------------------------------------------------------------------------X

MARK HAUT,

INDEX NO. 153071/2021

Plaintiff,

MOTION DATE 07/14/2025, 07/14/2025

- v -

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,ZWW VANDERBILT ASSOCIATES, THE BOARD OF MANAGERS OF THE VANDERBILT CONDOMINIUM, ALLIED PARTNERS RESIDENTIAL MANAGEMENT LLC,ROSE TERRA MANAGEMENT, ROSE ASSOCIATES, INC.,STANKEN FINANCING LLC,WELLS REIT II - 222 EAST 41ST STREET, LLC,NEW YORK UNIVERSITY, THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION, JOHN DOE (NAME BEING FICTITIOUS) AS GENERAL PARTNER OF ZWW VANDERBILT ASSOCIATES, DANELLA CONSTRUCTION OF NY, INC.,MONTAUK SERVICES, INC.

MOTION SEQ. NO. 006 007

**DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 199, 200, 201, 202, 203, 204, 205, 206, 207, 208

were read on this motion to/for          JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents, Defendants Stanken Financing, LLC, and Wells Reit II (collectively, the "Stanken Defendants"), and New York University ("NYU"), move without opposition pursuant to CPLR § 3212 for an order granting summary judgment dismissing Plaintiff Mark Haut's ("Plaintiff") complaint and all cross-claims against them. For the reasons stated herein, both motions are granted.

## BACKGROUND

This personal injury action arises out of a trip and fall on the sidewalk adjacent to 240 East 41st Street, New York, New York, on August 30, 2020 (NYSCEF Doc No. 200, Donnelly aff ¶ 4). At the time of the accident, 240 East 41st Street was owned by Defendant the Board of Managers of the Vanderbilt Condominium and managed by Defendant Allied Partners Residential Management LLC (collectively, the "Building Defendants") (*id*.; *see also* NYSCEF Doc No. 73, reply to notice to admit).

153071/2021   HAUT, MARK vs. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. ET AL          Page 1 of 4
Motion No.  006 007

1 of 4

[* 1]

Prior to Plaintiff's accident, the Stanken Defendants had an ownership interest in the property located next door to 240 East 41st Street—namely, 222 East 41st Street, New York, New York (NYSCEF Doc No. 200, Donnelly aff ¶ 4). Specifically, in 2016, Wells Reit II ("Wells") owned the premises located at 222 East 41st Street and entered into a lease agreement with NYU dated April 25, 2016 (*id.* ¶ 10; NYSCEF Doc No. 229). The lease was amended via the First Amendment to Net Lease on October 5, 2016, and thereafter assigned to non-party CR 222 E 41 New York LLC ("CR 222") when Wells sold the property to CR 222 by Bargain and Sale Deed dated May 29, 2018 (NYSCEF Doc No. 200, Donnelly aff ¶ 11; NYSCEF Doc Nos. 202–205). On August 30, 2020, the lease between CR 222 and NYU was in full force and effect as to the property located at 222 East 41st Street (NYSCEF Doc No. 200, Donnelly aff ¶ 11; NYSCEF Doc No. 206, Liebowitz aff ¶ 6).

On March 29, 2021, Plaintiff commenced this action (NYSCEF Doc No. 1). Defendant the City of New York (the "City") joined issue by service of its answer on May 17, 2021 (NYSCEF Doc No. 15). On June 15, 2021, Defendant Consolidated Edison Company of New York, Inc. ("Con Ed") joined issue by service of its answer (NYSCEF Doc No. 16). On July 1, 2021, issue was joined as to the Stanken Defendants by service of their answer (NYSCEF Doc No. 18). On August 17, 2021, the Building Defendants joined issue by service of their answer (NYSCEF Doc No. 27). Issue was joined as to Defendant Danella Construction of NY, Inc. ("Danella") on July 15, 2024 (NYSCEF Doc No. 156). The City, Con Ed, the Building Defendants, and Danella each assert cross-claims for contribution and indemnification against the Stanken Defendants and NYU. On April 5, 2024, Plaintiff executed a stipulation of discontinuance without prejudice against the Stanken Defendants (NYSCEF Doc No. 201). Only NYU agreed to discontinue its cross-claims (*id.*).

## ARGUMENTS

The Stanken Defendants argue that they are entitled to summary judgment dismissing Plaintiff's complaint and all cross-claims on the basis that they owed no duty to Plaintiff. Specifically, they argue that they do not own, occupy, or maintain the property located at 240 East 41st Street and did not cause or create the alleged defect. In support, they submit uncontroverted evidence consisting of testimony, the deed to 222 East 41st Street, an affirmation by Michael Liebowitz, and lease agreements.

Similarly, NYU argues that there is no genuine issue of material fact that it does not own, occupy, or maintain the property or sidewalk located at 240 East 41st Street, and that it did not perform work at the subject premises. In support, NYU proffers uncontroverted evidence consisting of pleadings, testimony, agreements, lease agreements, photographs, and a deed to 222 East 41st Street.

## DISCUSSION

Pursuant to CPLR § 3212(b), a motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the [c]ourt as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no

153071/2021   HAUT, MARK vs. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. ET AL        Page 2 of 4
Motion No.  006 007

2 of 4

material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). To be a "material issue of fact," it "must be genuine, bona fide and substantial to require a trial" (*Leumi Financial Corp. v Richter*, 24 AD2d 855 [1st Dept 1965]). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013] [internal quotation marks and citation omitted]). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010] [internal quotation marks and citation omitted]).

To maintain a cause of action in negligence, "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" (*Pasternack v Lab'y Corp. of Am. Holdings*, 27 NY3d 817, 825 [2016]). In the absence of a duty, there can be no liability (*id.*). It is well established that owners of real property have a duty to maintain their property in a reasonably safe condition (*Mejia v New York City Tr. Auth.*, 291 AD2d 225, 225–226 [1st Dept 2002]). The Administrative Code of the City of New York § 7-210 imposes a nondelegable duty on the owner of the abutting premises to maintain and repair the sidewalk (Administrative Code of City of NY § 7-210; *Collado v Cruz*, 81 AD3d 542, 542 [1st Dept 2011]). Accordingly, a threshold determination regarding liability for injuries arising from a defective sidewalk condition is ownership of the property abutting the subject sidewalk (*Rodriguez v City of New York*, 70 AD3d 450, 450 [1st Dept 2010]). Beyond ownership, a duty can arise where a defendant caused or created the defective condition (*Ross v Betty G. Reader Revocable Tr.*, 86 AD3d 419, 420 [1st Dept 2011]). A defendant who has not performed, and is not responsible for, construction work at an accident site owes no duty to a plaintiff injured there (*Kenney v City of New York*, 30 AD3d 261, 262 [1st Dept 2006]). "Once a defendant establishes prima facie entitlement to such relief as a matter of law, the burden shifts to the plaintiff to raise a triable issue of fact as to the creation of the defect or notice thereof" (*Ceron v Yeshiva Univ.*, 126 AD3d 630, 632 [1st Dept 2015]).

Here, the Stanken Defendants and NYU have established their prima facie entitlement to summary judgment by demonstrating through uncontroverted evidence that Plaintiff's accident did not occur on the sidewalk adjacent to 222 East 41st Street, and that they had no ownership, occupancy, control, special use, or maintenance responsibility with respect to 240 East 41st Street, and did not cause or create the alleged defect. Such a showing, when unrebutted, requires dismissal (*Logatto v City of New York*, 51 AD3d 984 [2d Dept 2008]; *Abrazis v Parks*, 189 AD2d 739 [2d Dept 1993]).

Additionally, without any evidence of the Stanken Defendants' or NYU's fault, or of a contractual relationship, the predicate for common-law and contractual indemnification is absent (*Drzewinski v Atl. Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987]; *Naughton v City of New York*, 94 AD3d 1, 10 [1st Dept 2012]; *Nieves-Hoque v 680 Broadway, LLC*, 99 AD3d 536, 537 [1st Dept 2012] ["Where there is no liability, vicarious or otherwise, there is no basis for indemnification"]). Finally, without any proof that the Stanken Defendants or NYU owed or breached any duty contributing to Plaintiff's injuries, the cross-claims for contribution cannot stand (CPLR § 1401; *Trump Vil. Section 3, Inc.*, 307 AD2d 891, 896 [1st Dept 2003]).

153071/2021   HAUT, MARK vs. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. ET AL        Page 3 of 4
Motion No.  006 007

3 of 4

[* 3]

Accordingly, it is

ORDERED that Defendants Stanken Financing, LLC's and Wells Reit II's motion for summary judgment (Seq. 006) is granted, and the complaint and all cross-claims are dismissed against them; and it is further

ORDERED that Defendant New York University's motion for summary judgment (Seq. 007) is granted, and the complaint and all cross-claims are dismissed against it; and it is further

ORDERED that the claims and cross-claims against the remaining defendants are severed, and the balance of the action shall continue; and it is further

ORDERED that the Clerk of the Court shall enter judgment in favor of Defendant New York University, dismissing the claims and cross-claims made against it in this action, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that the Clerk of the Court shall enter judgment in favor of Defendants Stanken Financing, LLC, and Wells Reit II, dismissing the claims and cross-claims made against them in this action, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that the remaining parties are directed to appear for a status conference in the Differentiated Case Management Part, Room 103, 80 Centre Street, on September 9, 2025, at 2:00 p.m.

This constitutes the decision and order of the court.

| 8/12/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | HASA A. KINGO, J.S.C. | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

153071/2021   HAUT, MARK vs. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. ET AL          Page 4 of 4
Motion No.  006 007

4 of 4

[* 4]