Merola v Narrows Med. Bldg. Assoc., LLC
2026 NY Slip Op 03438
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Gary Merola, respondent,
v
Narrows Medical Building Associates, LLC, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2025-03076, (Index No. 510821/24)
Mark C. Dillon, J.P.
Lara J. Genovesi
Donna-Marie E. Golia
Phillip Hom, JJ.

O'Toole Scrivo, LLC, New York, NY (Larry C. Green of counsel), for appellant.
Elefterakis, Elefterakis & Panek, New York, NY (Daniel Lei of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Narrows Medical Building Associates, LLC, appeals from an order of the Supreme Court, Kings County (Patria Frias-Colon, J.), dated January 21, 2025. The order denied the motion of the defendant Narrows Medical Building Associates, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant Narrows Medical Building Associates, LLC (hereinafter the defendant), among others, to recover damages for personal injuries that he allegedly sustained when he tripped and fell on a sidewalk abutting the defendant's property. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, contending that the plaintiff fell due to a defect in a curb and that the defendant had no duty to maintain the curb pursuant to section 7-210 of the Administrative Code of the City of New York. In an order dated January 21, 2025, the Supreme Court denied the defendant's motion. The defendant appeals.
Initially, we note that while a motion for summary judgment pursuant to CPLR 3212 is only permitted after issue has been joined (see CPLR 3212[a]), CPLR 3211(c) permits a court, "after adequate notice to the parties," to treat a motion pursuant to CPLR 3211(a) or (b) as a motion for summary judgment, "[w]hether or not issue has been joined" (CPLR 3211[c]; see Russo v Crisona, 219 AD3d 920, 921). Here, the Supreme Court failed to provide adequate notice pursuant to CPLR 3211(c) and erroneously, in effect, converted the defendant's motion pursuant to CPLR 3211(a) into one for summary judgment pursuant to CPLR 3212 (see Mihlovan v Grozavu, 72 NY2d 506, 508; TV Tech Mgrs., Inc. v Cohen, 227 AD3d 838, 839; Velez v Captain Luna's Mar., 74 AD3d 1191). Thus, this Court will apply the standards applicable to a motion to dismiss pursuant to CPLR 3211(a) (see Khan v Vasilenko, 227 AD3d 688, 688-689; Velez v Captain Luna's Mar., 74 AD3d at 1191).
"'A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence [*2]utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law'" (Buchanan v Law Offs. of Sheldon E. Green, P.C., 215 AD3d 790, 791, quoting Mawere v Landu, 130 AD3d 986, 987; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). On a motion to dismiss a complaint under CPLR 3211(a)(7), the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Koffler v Cincinnati Ins. Co., 239 AD3d 840, 841). If evidentiary material is considered on such a motion, the criterion is whether the plaintiff has a cause of action, not whether the plaintiff has stated one in the pleading, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; Koffler v Cincinnati Ins. Co., 239 AD3d at 841).
Here, the evidence submitted by the defendant failed to conclusively establish as a matter of law that the alleged defect that caused the plaintiff to trip was located exclusively within the curb and that the defendant had no duty to maintain the area where the accident occurred (see Buonviaggio v Parkside Assoc., L.P., 120 AD3d 460, 461-462; see also Sangaray v West Riv. Assoc., LLC, 26 NY3d 793; Vigil v City of New York, 110 AD3d 986, 987).
In view of the foregoing, we need not reach the defendant's remaining contention.
Accordingly, we affirm the order denying the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
DILLON, J.P., GENOVESI, GOLIA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court